UNITED STATES of America,
Appellee,

v.

Dario AGUDELO, Defendant–
Appellant.

No. 06–2970–cr.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2007.

Virginia Chavez Romano, Assistant
United States Attorney for the Southern

District of New York (Michael J. Garcia, United States Attorney, Diane Gujarati, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Laurie S. Hershey, Manhasset, NY, for Defendant–Appellant.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Dario Agudelo was convicted after a jury trial of conspiring to distribute and possess with intent to distribute one or more kilograms of heroin, in violation of 21 U.S.C. § 846. He appeals his conviction on the ground that the evidence at trial established entrapment as a matter of law. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

We review a challenge to the sufficiency of the evidence *de novo*. *United States v. Jones*, 393 F.3d 107, 111 (2d Cir.2004). We will affirm the judgment of conviction if, viewing the evidence presented in the light most favorable to the government and drawing all reasonable inferences in its favor, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United ed States v. Samaria*, 239 F.3d 228, 233 (2d Cir.2001) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

■ Entrapment is an affirmative defense "that has two elements: (1) government inducement of the crime, and (2) lack of predisposition on the defendant's part." *United States v. Salerno*, 66 F.3d 544, 547 (2d Cir.1995). When a defendant presents credible evidence of government inducement, the government must show predisposition beyond a reasonable doubt. *Id.* The parties dispute whether Agudelo pre-

sented credible evidence of the government's inducement. Even if we assume, however, that Agudelo met his burden of showing inducement, there was sufficient evidence presented at trial for a reasonable juror to conclude that the government proved Agudelo's predisposition to distribute heroin beyond a reasonable doubt.

"A defendant is predisposed to commit a crime if he is ready and willing without persuasion to commit the crime charged and awaiting any propitious opportunity to do so." *Id.* (internal quotation marks and citation omitted). The government may prove predisposition by, among other things, showing the defendant's willingness to commit the crime "as evidenced by [his] ready response to the inducement." *Id.* (internal quotation marks and citation omitted).

The government presented several pieces of evidence establishing Agudelo's "ready response" to his being contacted by the confidential informant ("CI"). First, the CI testified that once she and Agudelo started talking about drugs, he was immediately enthusiastic about becoming involved, and told her that "if we work together, in six months we will both be rich." Second, within a year of arriving in the United States, Agudelo found his own drug supplier in New York and then called the CI, who was in Texas, and told her to come to New York because "he had some heroin that he was going to supply [her] with." Third, Agudelo admitted that there was at least one time when he was ready to participate in a drug sale, but the CI "didn't want to do business." This evidence was more than sufficient for a reasonable juror to conclude that even if the CI may have induced Agudelo to participate in the crime, his ready response to that inducement demonstrated that he was "ready and willing without persuasion to

commit the crime charged." *Id.* (internal quotation marks and citation omitted).

■ Agudelo argues that he "demonstrated great reluctance" to becoming involved in the drug transaction. However, the evidence was sufficient for the jury to have drawn the opposite inference, especially considering all of the acts undertaken by Agudelo without any prompting by the CI. Agudelo also argues that the government's failure to record his initial meetings with the CI "strongly suggests" that during those meetings the CI convinced Agudelo to participate in the crime, and that without any audio record of those meetings, the government could not prove beyond a reasonable doubt that Agudelo had a propensity to distribute heroin. Both Agudelo and the CI testified about those meetings, however, and we cannot question the jury's decision to credit the CI's testimony over Agudelo's. Moreover, there is no support in the case law for the proposition that the government must record meetings between defendants and confidential informants in order to prove a crime beyond a reasonable doubt.

Accordingly, we conclude that there was sufficient evidence for the jury to find that Agudelo did not establish the defense of entrapment. We therefore AFFIRM the judgment of the District Court.